UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WILLIAMS, 389129,

    Petitioner,                                                  Civil Action No. 17-CV-13987

vs.                                                         HON. BERNARD A. FRIEDMAN

SHERMAN CAMPBELL,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO APPEAL *IN FORMA PAUPERIS***

This matter is before the Court on the Court's own review of the docket. Petitioner began this action with his "Motion for Reconsideration of Modification of Restitution," which, because it challenges a term of his state sentence, the Court construes as an application for a writ of habeas corpus under 28 U.S.C. § 2254 [docket entry 1].

Petitioner was convicted in the Macomb Circuit Court of three counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b, and abortion, Mich. Comp. Laws § 750.14. Petitioner was sentenced to thirty to fifty years imprisonment for the criminal sexual conduct convictions and two to four years imprisonment for the abortion conviction. The state court also ordered petitioner to pay restitution.

The Court must preliminarily review each habeas corpus petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4. If the Court determines that the petitioner is not entitled to relief, it must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The Court may decide a petition that

obviously lacks merit without the government's response. *See Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

Petitioner asserts that he is entitled to a modification of the order of restitution in his state sentence. He argues that the order of restitution is too harsh because the only means of income are his institutional job and occasional gifts.

This claim is not cognizable because a restitution order "is not a serious restraint on . . . liberty as to warrant habeas relief." *Washington v. McQuiggin*, 529 F. App'x 766, 773 (6th Cir. 2013). "In general, fines or restitution orders fall outside the scope of the federal habeas statute because they do not satisfy the 'in custody' requirement of a cognizable habeas claim." *Id.* Thus, the Court must deny for lack of subject matter jurisdiction a claim challenging a restitution order. *Id*.

Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied because petitioner has failed to make a substantial showing of the denial of a federal constitutional right, 28 U.S.C. § 2253(c)(2), and leave to appeal *in forma pauperis* is denied because the appeal would be frivolous, 28 U.S.C. § 1915(a)(3).

Dated:  January 3, 2018          s/Bernard A. Friedman
     Detroit, Michigan          BERNARD A. FRIEDMAN
                                            SENIOR UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 3, 2018.

                                          s/Johnetta M. Curry-Williams
                                          Case Manager